25-3. Thank you. And we'll hear first from Mr. Zimmerman. I see you've reserved 3 out of 10 minutes for your rebuttal. May it please the Court. Good morning, Your Honors. I'm joined here by my colleague, Stephen Hoffberg. We represent the appellants in this case. This is a case that's not about garden variety frauds. Rather, it's about thousands of acts of mail fraud and wire fraud committed by the appellees against the appellants and thousands of other... No, the case is about whether you did the appeal on time and not having done the appeal on time are now trying to get around that fact. The underlying fraud may well be there, but that isn't the issue before us. Okay, Your Honor. I'll address that. Appellants disagree with that. We believe that we filed our Rule 60B notice in a timely manner, and it was not done to subvert the 30-day deadline for filing an appeal. Well, let me ask you about that, because I've been very interested throughout my preparation for this case in the document filed at 154 in the Southern District, which is the motion to extend time that says, in so many words, plaintiffs would like to appeal the order entered on March 26, 2024, and for good cause did not file a notice of appeal within the required 30-day time period, but instead filed today a motion under Rule 60B because they seek relief from the court's order. Right. I'm not sure how to read that other than we're using 60B because we missed the appeal deadline. No. Okay, so am I misreading that either literally or the meaning of it? I think the appellants were trying to figure out what to do, and what happened is as follows. In the page of the district court's opinion dismissing the amended complaint, okay, the court explicitly said that they acknowledged that it failed to consider the evidence in the form of the proposed amended complaint, which included Schedule B of TMC's operating budget, and rather it said that Schedule B was not included in the amended complaint and dismissed, and only looked at the errors on the merits with regard to the amended complaint it did dismiss. It failed to consider Schedule B from the budget with regards to the futility of the proposed amended complaint, which it refused to allow to be filed. And it recognized, and in doing so it failed to recognize that the errors in the amended complaint could be more redeemable. So appellants in reviewing all this, we determined that the appellants had made a decision in reading the district court's decision dismissing the amended complaint that even though we did not agree with the district courts in everything in their decision, the alleged errors in the amended complaint were remediable by amendment, and for purposes of economy and efficiency, we determined the best course was to proceed by Rule 60B. Well, that's all fine, but why wasn't that done within 30 days? Well, it was done on 31 days, I believe, Your Honor. That's sort of the problem, isn't it? It was not done within 30 days. So why does this decision to proceed by Rule 60 rather than by appeal, which is a perfectly reasonable thing to do? People do it all the time. But they do it by filing a timely Rule 60B motion. Well, Rule 60B, the rule under Rule 60 provides a one-year time period. No, it doesn't. It flatly, absolutely does not. It says all Rule 60B motions must be filed within a reasonable time. Reasonable time, right. And then it says, and with 1, 2, and 3, never more than a year. That doesn't mean you have a year. That means you have a reasonable time not to exceed one year. Right. Well, Your Honor. That case law is saying quite clearly that with respect to a 60B1 motion, it has to be filed within — it's not reasonable if you extend it beyond the time for a notice of appeal. Isn't that our rule? And isn't that the rule you fail to do, which is very sad because, you know, what you started out about fraud has a lot of sense to me. Well, Your Honor. But we can't deal with things that are out of time. Well, what constitutes a reasonable time is based on the particular circumstances of the case. Okay. So explain to us why it is that it was reasonable for you to wait until after the time to appeal had run to file your 60B1 motion. Well, part of it, Your Honor, is this complaint was very lengthy. It's over 100 pages, I believe. And in going through — You didn't have to, like, start studying it at the time the district court's decision happened. You wrote that complaint. We did write the complaint. But in evaluating it and trying to consider what we had to do to address the court's concerns, the guidance they provided in their dismissal, it took time. And we just didn't get it done within — It takes time all the time in an appeal. Yes, that's correct, Your Honor. You know, the appeals are difficult. And maybe the time of 30 days should be longer, but it isn't. Well, I also — there's also reference to the fact that reasonable time should be determined based on possible prejudice. The interest of — it's a weighing balance, right, between the finality of a judgment and prejudice to the party who's the nonmoving party. But in the interest of justice, this serves the interest of justice of the appellants. And given the posture of the case, there really was no prejudice or undue prejudice to the appellees in this case. But that isn't the standard. The standard is extraordinary circumstances, perhaps, and so on. And we have any number of cases in which we've said, look, you can't use 60B beyond the time of appeal simply as a way to get around from the fact that you haven't done your appellant work within that amount of time. And, you know, that may seem unfortunate, unfair, and so on, but it is the rule. I understand that, Your Honor. Again, I come back to the reason we decided to go by way of Rule 60B. We just thought this was a better approach, because had we succeeded on an appeal, we'd be back — I just — but then why is that document I just read to you in the record? Is that — Because that was — The reason you're filing the 60B is because you would like to appeal, but you missed the deadline, so you instead filed a motion under 60B. So, I mean, either what you're saying here today is not accurate, or that statement is inaccurate, but those two are in conflict, aren't they? Today you're telling us we made a strategic decision to elect 60B relief instead of appeal. But in document 159, you said — no, 154, sorry. You said the reason we're filing this is because we missed the deadline for the appeal. Which is it? I think it's both, Your Honor. I think we were uncertain how to proceed. And what we really wanted to do, we wanted to find the best way to protect our clients' interests. Of course, the best way to protect your clients' interests surely would have been to do both. You file a 60B motion within the time limit of the time to file an appeal. And at that moment, by doing that, you have the extension automatically built in for the time to appeal. But if you wait until the time to appeal has run, then you run into the rule that we have said that a reasonable time for a 60B-1 motion is the time allowed for an appeal. It's very clearly our rule. You also have, though — what about the other half of your motion? You have also a Rule 60B-6 motion. That's correct, Your Honor. And we laid out various arguments that this was exceptional circumstances in this case. What exceptional circumstances have you brought up? I didn't see any. I mean, you know, exceptional circumstances is a way out. But what exceptional circumstances have you worked? Well, the totality of the circumstances in this case. All the errors, the factual errors made by the district court — District court didn't make factual errors. May have made some legal errors. The only possible factual mistake is it said that there were two requests for amendment when there was one. And that's a trivial mistake. Well, Your Honor, with respect, if you look at pages 17 through 21 of our opening, of Appellant's opening brief, we cite a whole series of factual errors that the district court made. And I just referred to page S.P.A. 29 of the district court's decision dismissing the First Amendment complaint. Again, it misstates what occurred. I'm not sure we've ever held that that is an extraordinary circumstance. I mean, that's the ground for an appeal or 60B action. But it isn't an extraordinary circumstance for delay. Okay. All right. Thank you, Counsel. You've reserved some time for rebuttals. Thank you, Your Honor. We'll hear from Mr. Kerlin. Good morning, Your Honors. May it please the Court. Andrew Kerlin for Appellees. Your Honors, the issue that we've been discussing for ten minutes so far is easy to have been resolved, and that is to follow the simple rules. If the Rule 60 motion for reconsideration had been filed within 28 days, it would have stayed the time to appeal. That would have resolved an issue that wasn't spoken about, but it is in Appellant's brief, about the judicial economy issues and how Appellant's decided it would be more efficient to not burden this Court with an appeal, but rather to try again below. That could have happened if it had been timely filed before the district court, but it wasn't. And we argue, actually, it should have been filed within 14 days, because a motion to reconsideration under Local Rule 6.3 must be filed within that timeframe. Here it was filed, as it's not disputed, after 31 days. So not only was it not filed within 14, not only not filed within 28, which would have resolved everything, because that would have been a reasonable time to file the motion, arguably, and it also would have stayed the time to appeal. So we wouldn't run into conflict with any of this Court's precedent or the Supreme Court precedent that prevents using a Rule 60 motion to get around the time limits on an appeal. So, Your Honor, that's the solution here, and for better or worse, that wasn't what Appellant's chose to do, Your Honor. Your Honors, I should say. Importantly here, though, the parts of the order, and by the way, Appellant's counsel was just referencing the SPA, and I believe referred to that as the motion to dismiss decision, but that was actually the decision that's on appeal. That's the motion denying the motion pursuant to Rule 60. And in that decision, not only, I'm going to shift to the kind of substance of the district court's decision, because we haven't spoken about that yet. So putting the timeliness arguments aside, that could have been the end of the story. The district court was well within its grounds to, and certainly did not abuse its discretion in determining the motion had not been filed within a reasonable period of time. However, the district court went much further. Oh, and by the way, I should say that's a reason why this Court could stop right there as well. This Court does not have to get past that finding of the district court's decision to affirm it. That said, the district court went further and gave Appellant's the benefit of the doubt and said, let's pretend it had been a timely motion, and then let's look at the actual substance of the Appellant's arguments. To put it simply, under Rule 60b-1, which was the first ground for relief in the motion, the district court determined that nothing had been misapprehended or overlooked. All of the arguments that were raised were, and reiterated in the Rule 60 motion, the district court determined that it virtually all had considered them. There was nothing new here. There was nothing that was overlooked. And therefore, and the district court, you know, exercised its discretion in making that ruling. The district court's opinion on the motion to dismiss, which, again, was never appealed, is, let's see, 30 pages long in pretty small type. It's very thorough. The district court's decision on the motion to reconsider, where it reanalyzed all of these points, is even longer than that. So the district court did give the benefit of the doubt here. With respect to a handful of issues, like whether or not causation had been pleaded or whether or not a fiduciary duty might exist, the district court said, okay, maybe I did overlook those, but that would not have changed the outcome of my ruling on the motion to dismiss. The Rego claim still would have been dismissed. And because the plaintiffs at that time had the opportunity to amend their complaint, did take that opportunity. Does the fact that the district court did all that, even though it was out of time, mean that we can look at it, even though it was out of time? I think you can look at it, honestly, Your Honor. I think you can look at it. And that's because you could determine that the district court did not get it right with respect to the timeliness of the Rule 60 motion. Now, we submit that the district court certainly did get it right. But assuming you disagreed with that, then you could look at all of those other issues as well. No, but does the fact, even if it was out of time, does the fact that the district, and we agree that it was out of time, does the fact that the district court discussed it allow us to consider it? You know, sometimes, even if something isn't raised, if a court discusses it, it allows us to treat it as if it was raised. I'm asking whether an out-of-time discussion by a district court allows the appellate court, in the interest of justice, to consider the issue. I would concede that it may, Your Honor. But that doesn't mean that this district court need – excuse me, this circuit court should overlook the timeliness requirement. This court should have its own assessment of whether or not the motion was timely, because that's such a fundamental part of Rule 60. So we have the discretion to reach the substance if we think it's – if we think there's some good reason to do so. But we can stop at timeliness if we think that's sufficient. You certainly can stop at timeliness, exactly. And so the district court could have as well, actually, Your Honor. Another point, just back to the timeliness issue, is, in our view, appellants never told this Court why their motion was timely, their motion to reconsider was timely. And in their appellate brief, you have to make the arguments that – you have to set forth the arguments that you're making to preserve them for the appeal. We don't think that that was done sufficiently, as we point out in our responsive brief. And therefore, that's another reason why the timeliness issue could be it. There really – this is not really up for appeal, according to how the appellants raised and presented these issues on appeal to this Court. But let me move on a little bit to the – I have a few minutes left – to the – back to the substance of the points. All of the issues that the court – that the district court looked at in terms of the merits, again, getting past the timeliness issue, were exactly what could have been argued to this Court on an appeal of the decision denying the motion to dismiss. And that includes the specific things that the appellants claimed the district court overlooked, the factual matters, alleged legal errors and whatnot. But they didn't – they didn't appeal it, once again, to be clear, as we all understand. Then we get into the Rule 60b-6 portion of the motion, which is the extraordinary circumstances portion. And that one is focused on whether or not a third amended complaint or second amended complaint should have been permitted. That is similarly an issue that should have been raised to this Court on an appeal of the underlying motion to dismiss decision, which made that determination, that a further amendment would not be required – would not be permitted, rather, and the RICO claims were dismissed with prejudice. That was never appealed either. So the aspect of the motion to dismiss decision that prevented the claims proceeding in Federal court was never appealed either. And the first – and I want to use these terms because the terminology of the complaints is a little confusing in this case, but there was an original complaint, there was an amended complaint, at least.  That amended complaint, was that filed in response to a pre-motion conference or – it was filed in response to a merits challenge to it. Correct. Both the pre-motion conference where the Judge Wood's rules require pre-motion to amend a motion to dismiss a claim. Now, interestingly, this is another little procedural nuance which was pretty unique. The plaintiffs filed a motion to reconsider then as well. And instead of ruling on the motion to reconsider, Judge Woods pointed out to the plaintiffs that, actually, I've already dismissed your claims without prejudice. I've already given you another opportunity to amend or an opportunity to amend. And so plaintiffs, if you want, I will – I'm speaking as the judge now. If you want a rule on your motion to reconsider, and they could have had the benefit of another written opinion, a second written opinion, if they had chosen that route, but instead they chose to amend their complaint with the benefit of the ruling that the So that is what happened the first time, Judge Merriam.  Is there any authority from this Court – I know we have cases saying that in the case of a Rule 60b-1 motion, a motion is not filed in a reasonable time if it is filed after the time to appeal has run. Are you suggesting that the same rule applies to a Rule 60b-6 motion? The – not expressly, but Judge Woods correctly got to the right – to the same result by kind of performing the same analysis to determine whether or not the Rule 60 aspect of the motion had been filed within a reasonable time. And it was – my view is less of a direct focus on the fact that it hadn't been done within the time to appeal, but rather – and this goes back to what Judge Merriam was speaking about with Appellant's counsel – it goes back to rather or not plaintiffs had justified and established whether or not their Rule 60b-6 motion had been made within a reasonable time. And there they hadn't because, once again, they pointed back to the fact that they – the only reason why they brought the motion to a Rule 60 is instead of doing an appeal. And second of all, they didn't explain any delay. So if this was – if plaintiffs – and this is what I opened with. If plaintiffs wanted to have the district court reconsider its decision because – and it wanted to establish extraordinary circumstances, that still had to be – had been done with a reasonable time as well. And plaintiffs did not demonstrate to the district court that it had been. They waited until after 31 days. And forgetting about the appeal clock, which ran out at 30, and forgetting about the local rule, which ran out at 14, they did not explain why, under the circumstances, the 31 days was within a reasonable time. So I don't think it hinges on the appellate clock issue directly, but the district court nonetheless correctly reached the same result. What is the relationship, in your view, between Rule 15 and Rule 60b-6? Is a post – we have the rule that leave to amend should be freely granted. We also have a – that usually comes up in prejudgment requests to amend the complaint. This is a post-judgment rule. So do you have to satisfy Rule 60b-6's extraordinary circumstances requirement? Does that obviate the – we should liberally grant leave to appeal? It does, Your Honor, and that's because of the Supreme Court decision that came out in February. I think that was so before the Supreme Court decision, and even so in our rules, but certainly after the Supreme Court decision. I agree with that, Your Honor. And therefore, it was made crystal clear in February of this year, which was after the decision on appeal came out, actually. So the decision on appeal came out, did address Rule 15 as well. Didn't have to, it turns out, but it did, and the Supreme Court subsequently made crystal clear that it didn't have to, and that is because, again, the only thing that a district court should look at when deciding whether or not to grant a Rule 60b-6 motion is whether or not the movement had established the extraordinary circumstances. I see my time's expired. Thank you. Thank you, counsel. Thank you. We'll hear from you again, Mr. Zimmerman. You have three minutes on rebuttal. Thank you, Your Honors. I would just restate again that part of what was going on was just appellants took time to redraft this proposed amended complaint that was submitted with the Rule 60b motion, and that is really what accounted for the delay. As far as the Rule 60b and Rule 15a, both provide that ruling should be made in the interest of justice, and given what the 200-plus appellants have suffered in this case, I think interest of justice, I submit, require that they be allowed to file and have this second amended complaint referred to incorrectly as the third amended complaint. With regard to the errors that were made below, I just restate what I said respectfully, disagree with my adversary here and with the district court. We pointed out numerous factual errors that were made in the district court opinion, as well as the fact that the district court provided, performed no futility analysis in examining the proposed amended complaint that was submitted with the Rule 60b opinion. Well, but doesn't the Supreme Court make clear in Blombank in the February decision that was referred to you have to first show extraordinary circumstances, that there's a different interest in finality which distinguishes this from the normal case of a request to amend. Once a judgment has happened, then you have to satisfy the standards of Rule 60. And in this case, that standard is extraordinary circumstances. And the fact that the district court was wrong, sadly, is not an extraordinary circumstance. That's why we're here as a court, is that district courts sometimes get things wrong. But that's partly an extraordinary circumstance that justifies a deviation from the normal finality of a judgment that has not been appealed. Your Honor, I respectfully submit that that case is distinguishable from the facts of this case on several grounds, which we referenced in our reply brief. Specifically, I apologize for this. Yeah. In that case, the court ruled Plaintiff's counsel made an intentional and deliberate choice not to amend its complaint. The intentional election negates the required extraordinary circumstances. Here we made a deliberate choice to amend the complaint. So I think the facts are different in this case compared to the Blum case. Thank you. Thank you, Your Honors. Thank you, counsel. We'll take the matter under advisement.